Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3405 | **DATE** | 4/25/2001 |
| **CASE TITLE** | LIDIJA SILJAK vs. RAVENSWOOD DISPOSAL SERVICE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion for partial summary judgment is granted in part and denied in part. Only the alleged conduct that occurred after February 19, 1999, is actionable as to plaintiff's Title VII claims. Defendants' motion for partial summary judgment as to plaintiff's IIED claim is denied.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 26 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LIDIJA SILJAK, | ) |
| Plaintiff | ) |
| | ) No. 00 C 3405 |
| v. | ) |
| | ) |
| RAVENSWOOD DISPOSAL SERVICE, INC., | ) Judge John W. Darrah |
| an Illinois Corporation, and TONY VARDIJAN, | ) |
| Defendants. | ) |

**DOCKETED APR 2 6 2001**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lidija Siljak, commenced an action against defendants, Ravenswood Disposal Service (RDS) and Tony Vardijan, for alleged sexual harassment, sex discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-2 and for battery, assault, false imprisonment, and intentional infliction of emotional distress. Before this Court is the defendants' Motion for Partial Summary Judgment.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000) (*Miller*). However, the nonmovant must still come forward with evidence establishing the elements of her claim on which she bears the burden of proof at trial. As such, she must establish specific facts that show there is a genuine issue for trial. *Miller*, 203 F.3d at 1003.

Tony Vardijan (Tony), Secretary of RDS, and Branko Vardijan (Branko), President of RDS, are shareholders in RDS, an Illinois corporation. (Def.'s 56.1(a)(3) Statement ¶¶ 4-5). Plaintiff began working at RDS in 1992 and was the office manager in September 1999, when she left RDS. (Id., at ¶ 6).

Plaintiff was born in the former Yugoslavia and moved to the United States in 1983. (Plaint.'s 56.1(a)(3) Statement ¶¶ 5, 7). She completed 16 years of education in Yugoslavia, including four years of a six year law school program. (Id., at ¶ 6; Plaint.'s Dep. p. 87). Plaintiff's native language is Serbo-Croatian and she learned English when she came to the United States.

On December 9, 1999, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. (Def.'s 56.1(a)(3) Statement ¶ 7). On June 6, 2000, plaintiff filed the present suit. Plaintiff alleges that starting in 1993 and continuing thereafter on a regular basis until September 23-24, 1999, Tony touched, grouped, and fondled her; sexually assaulted her; exposed himself to her; forced her to touch his private parts; and attempted to remove her clothing on more than 20 occasions. Plaintiff alleges that this conduct occurred approximately once every 2 or 3 months from 1993 until September 1999. (Id., at ¶ 12). Plaintiff also alleges that Branko attempted to engage in sexual acts with her and inappropriately touched her once in 1996 and once in 1997. (Id., at ¶ 13).

Plaintiff further alleges that from 1993 through 1999, she was inappropriately touched by male co-workers at various times. (Def.'s 56.1(a)(3) Statement ¶ 14). In 1996, an employee unbuttoned the zipper on his pants and made inappropriate gestures. (Id., at ¶ 15). From 1992 through 1999, plaintiff alleges that she was regularly subjected to sexually explicit language, male employees offensively touching female co-workers, pornographic materials in the workplace, alcohol

2

consumption by employees that was provided by RDS management, and management bringing prostitutes to RDS for male employees. In her deposition, plaintiff testified that in 1993 and 1997 she was aware that the acts described in her complaint were not right and that some of them were illegal. (Id., at ¶ 18). She also testified that she was familiar with legal systems from her four years of "legal" training. (Plaint.'s Dep. p 87).

Defendants contend that plaintiff's allegations of conduct that occurred prior to February 13, 1999, are time-barred. Plaintiff asserts the continuing violation doctrine exception.

In Illinois, a complainant must file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discriminatory act, and failure to do so renders the charges untimely. *See Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999) (*Filipovic*). In the instant case, plaintiff filed a charge with the EEOC on December 9, 1999; therefore, the applicable limitations period of plaintiff's Title VII claims is February 13, 1999 (300 days from the time of filing the EEOC charge).

The continuing violation doctrine allows a complainant to obtain relief for a time-barred act of discrimination by linking it with facts that fall within the statutory limitations period. *See Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). Three factors are considered in determining whether the series of acts should be treated as one continuous act ending within the limitations period: (1) whether the acts involve the same subject matter; (2) the frequency at which they occur; and (3) the degree of permanence of the alleged acts of discrimination, "which should trigger an employee's awareness of and duty to assert his or her rights." *Selan*, 969 F.2d at 564-65. In relation to the third factor, the Seventh Circuit has emphasized that a plaintiff may not base a suit on conduct that occurred outside the statute of limitations if it is evident before the plaintiff files suit that she was

the victim of harassment. *See Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir 1999) ("if the comment is repeated over a period of years, its cumulative effect likely precludes invocation" of the continuing violation doctrine); *Minor v. Ivy Tech State College*, 174 F.3d 855, 857 (7th Cir 1999); *Filipovic*, 176 F.3d at 396) (continuing violation doctrine not applicable based on name-calling that occurred in much the same form for years prior to filing his claim); *Miller*, 203 F.3d at 1004 (upholding district court's determination plaintiff could not avail herself to the continuing violation doctrine because she was alerted to possible discrimination, and she did nothing); *DeClue v. Central Illinois Light Co.*, 223 F.3d 434, 435-36 (7th Cir. 2000) (denying invocation of continuing violation doctrine because "[n]othing that happened later, that is, within the period of limitations, added materially to the conditions of which she complains; it was just more of the same."); *see also Steward v. Atwood Mobil Products*, No 98 C 50125, 2000 WL 193085 (N.D.Ill. Feb. 7, 2000) ("continuing violation does not apply because [plaintiff] believed she was a victim of harassment long before she filed her EEOC charge, and she has no excuse for waiting").

In the present case, plaintiff alleges she was subjected to objectionable conduct from 1992 through 1999. She admits that the conduct was continuous through her tenure at RDS and that she knew that at least some of the conduct was wrong and illegal as early as 1993. These undisputed facts demonstrate that plaintiff has failed to establish the third factor required for the continuing violation doctrine exception. Plaintiff's complaint is replete with allegations of a sexual nature, including inappropriate touching, inappropriate language, physical attacks, and pornography in the work place for over a six-year period. Based on the alleged incidents, nothing after February 19, 1999, added materially to the conditions of which plaintiff complains. Plaintiff admits that the complained incidents were more of the same that had been occurring for years. Plaintiff cannot be

4

excused for waiting to bring her claim. *See DeClue*, 233 F.3d at 436 (incidents that occurred during the limitations period were "just more of the same" and placed plaintiff on notice; plaintiff could no longer base a claim on those incidents); *Filipovic*, 176 F.3d at 396-97 (incidents occurred in the same form for years prior to filing a claim were time-barred). Therefore, only conduct that occurred after February 19, 1999, are actionable as to plaintiff's Title VII claims.

Defendants also argue that plaintiff's intentional infliction of emotional distress (IIED) claim is preempted by the Illinois Human Rights Act (IHRA).

Employment discrimination, including sexual harassment and retaliation, are included under the IHRA's definition of "civil rights violation". 775 ILCS 5/1-101; 775 ILCS 5/1-103(D). Under Illinois law, when the allegations on which a state law tort is based constitute a civil rights violation under the IHRA, the tort is preempted by the IHRA. *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 24 (1997).

Pursuant to Illinois law, the court lacks subject matter jurisdiction to hear tort claims that are "inextricably linked" to civil rights violations under the IHRA. *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1277 (1977). To ascertain whether a tort claim is "inextricably linked" to the discrimination claims, it must be determined whether the plaintiff alleged the elements of the tort claim "without reference to the legal duties created by the IHRA." *Westphal v. City of Chiacgo*, 8 F.Supp.2d 809, 812 (N.D.Ill. 1998). The tort claim must be independent of the civil rights laws. *Rapier v. Ford Motor Co.*, 49 F.Supp.2d 1078, 1080 (N.D.Ill. 1999).

In the instant case, plaintiff repleads every fact of her Title VII claims into her IIED claim. Plaintiff also alleges separate facts in relation to her assault, battery, and false imprisonment claims. These facts are also replead in plaintiff's IIED claim. While the assault, battery, and false

imprisonment claims that are incorporated into plaintiff's IIED claim also reference every fact of her Title VII claim, they also contain allegations of purposeful harmful and offensive touching, including ripping plaintiff's clothing, and defendant's refusal to stop when asked. The allegations of discrimination and IIED both pertain to facts of a sexual nature; however, if plaintiff removed all the allegations of discrimination from her complaint, her IIED claim would remain fully intact because it does not "depend on the prohibitions against sex discrimination for its survival." *See Hardison v. Galaxy Recovery Sys., Inc.*, 2000 WL 1847624 (N.D.Ill. Dec. 14, 2000). Accordingly, defendants' Motion for Partial Summary Judgment as to plaintiff's IIED claim is denied.

For the reasons stated above, defendants' Motion for Partial Summary Judgment is granted in part and denied in part. Only the alleged conduct that occurred after February 19, 1999, is actionable as to plaintiff's Title VII claims. Defendants' Motion for Partial Summary Judgment as to plaintiff's IIED claim is denied.

Dated: 4/25/01

JOHN W. DARRAH
United States District Judge